UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARCUS SANDERS, )
)
              Plaintiff, )
)
          v. )              Case No. 4:24-cv-681 JAR
)
MISSOURI EASTERN CORRECTIONAL )
CENTER, et al., )
)
           Defendants. )

## MEMORANDUM AND ORDER

Self-represented Plaintiff Marcus Sanders brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 4. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $38.75. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will direct Plaintiff to file an amended complaint on the Court-provided form in compliance with the instructions set out below. The Court warns Plaintiff that his failure to comply with this Order could result in dismissal of this action.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is incarcerated at Missouri Eastern Correctional Center (MECC) in Pacific, Missouri. ECF No. 4 at 1. In support of his motion to proceed without prepaying fees and costs, Plaintiff submitted an inmate account statement showing average monthly deposits of $193.75 and an average monthly balance of $147.09 (as of the first of each month). ECF No. 3. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $38.75, which is twenty percent of Plaintiff's average monthly deposits. *See* 28 U.S.C. § 1915(b)(1).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against Missouri Eastern Correctional Center (MECC) and four MECC employees: Unknown Culbreath (functional unit manager),[1] Unknown Herron (sergeant), Unknown Wiggins (sergeant), and Unknown Hancock (warden). ECF No. 1 at 1. Plaintiff sues all defendants in both their individual and official capacities. *Id.*

Plaintiff's brief Statement of Claim, in his own words, is as follows:

---

[1] The list of defendants in the complaint provides names that are not separated by commas or lines, so it is hard to differentiate exactly who Plaintiff is attempting to name as defendants in this matter. *See* ECF No. 1 at 1. However, based on what the Court can decipher from the list and from Plaintiff's allegations in his Statement of Claim, it appears he is naming a functional unit manager from "4 house" with last name "Culbreath," as a defendant in this matter. *Id.* at 1 & 3. The Clerk of Court will be directed to add "Unknown Culbreath" to the docket sheet list of defendants in this matter.

> Defendant Culbreath violated my due process right by not doing a proper investigation on a major violation that I caught on dec 15, 2023[,] even after my celly at that time took ownership for the phone[.] Also Sg Herron and Sg Wiggins violated my prea[2] rights by conducting a striped search while I was handcuff[ed;] they mad[e] me feel very uncomfortable[.]

*Id.* at 3. For relief, Plaintiff seeks compensation in the amount of $150,000 and "to be released on [his] previous outdate July 28, 2024." *Id.* at 2 & 4.

Plaintiff attached multiple exhibits[3] to his complaint. ECF No. 1-2.[4] According to the exhibits, on December 15, 2023, Plaintiff received a conduct violation from a nondefendant correctional officer after a cell search revealed a cell phone on the floor of Plaintiff's cell and a bag of tobacco under the bottom-bunk mattress. *Id.* at 5. When interviewed about the contraband for the violation report, Plaintiff said it belonged to his cellmate. *Id.* In the following month, Plaintiff filed a grievance alleging a due process violation concerning the conduct violation. *Id.* at 1. Plaintiff claimed that his cellmate had accepted responsibility for, and ownership of, the contraband phone, and as such, he should be released from administrative segregation and the violation should be removed from his record. In February 2024, defendant MECC Warden Gregory Hancock denied the grievance, stating that records did not indicate that anyone had accepted ownership of the phone – either when it was initially found or during the subsequent hearing on the violation. As a result, Hancock denied removing the violation from Plaintiff's record. *Id.*

---

[2] The Prison Rape Elimination Act (PREA), 34 U.S.C. § 30301, *et seq.*, was enacted by Congress to address and respond to the high incidence of rape in state and federal prisons.

[3] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[4] In addition to the exhibits described herein, Plaintiff included a self-composed poem about life in prison which does not appear to have any relevance to his claims. *See* ECF No. 1-2 at 6.

Plaintiff attached a second grievance denial, which he also received in February 2024, concerning a PREA complaint he made. *Id.* at 3. Plaintiff did not include a copy of the initial grievance that he filed. But, according to the denial response signed by Warden Hancock, Plaintiff's PREA complaint was about an "incident that occurred during a double-cuff stripout event in administrative segregation." Hancock denied the grievance, stating that the incident was referred to the PREA site coordinator, that it was under active investigation, and that any action taken because of the complaint would be kept confidential. *Id.*

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible

- 4 -

claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Discussion

Based on a careful review and liberal construction of the filings before the Court, Plaintiff has not adequately alleged claims to withstand review under 28 U.S.C. § 1915(e)(2). However, because Plaintiff is self-represented and has presented serious allegations to the Court, he will be allowed to amend his complaint in accordance with the instructions set forth below. Plaintiff should consider the following legal issues in filing in his amended complaint.

## I.    Unrelated Claims Cannot be Brought in Same Suit

After review of Plaintiff's complaint, the Court finds that it does not comply with the Federal Rules of Civil Procedure. Plaintiff cannot assert in a single lawsuit, claims against different defendants that are related to events arising out of different occurrences or transactions. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, ... [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

Plaintiff may, however, name a single defendant, and assert as many claims as he has against him or her. Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

> A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.

In this case, Plaintiff's complaint brings two unrelated claims: a due process violation regarding a conduct violation against defendant Culbreath and a PREA claim regarding a strip search against defendants Herron and Wiggins. These claims are unrelated as these arise out of different occurrences or transactions. They cannot be brought in the same suit.

Even self-represented litigants are obligated to abide by the Federal Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993). As such, when filing an amended complaint, Plaintiff should decide which of these claims he seeks to pursue in this case and include only defendants and allegations pertaining to that claim in his amended pleading. Any separate, unrelated claims must be brought in a different lawsuit.

## II.  Conduct Violation Claim

Plaintiff asserts a violation of his due process rights against defendant Culbreath, in relation to an allegedly improper investigation into a conduct violation which resulted in Plaintiff's placement in administrative segregation. ECF No. 1 at 3. The determination of whether prison officials denied an inmate due process involves a two-step inquiry. *Williams v. Hobbs*, 662 F.3d 994, 1000 (8th Cir. 2011). In the administrative segregation context, "an inmate must show that the segregation created an 'atypical and significant hardship on him in relation to the ordinary incidents of prison life' to demonstrate that his liberty interest was curtailed." *Id.* (quoting *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002) (quoting *Sandin v. Conner*, 515 U.S. 472, 484

(1995)). Once it has been established that a liberty interest exists, the process necessary to protect that interest must be determined. *Id.*

As to what process is due, the "fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal citation omitted). When an inmate is deprived of privileges or placed in a special confinement status as punishment for past misconduct, due process requires a hearing beforehand. *Brown-El v. Delo*, 969 F.2d 644, 647 (8th Cir. 1992). Furthermore, examples of due process requirements include written notice of the charge; a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action; the right of the inmate to be present, call witnesses, and present documentary evidence; and, in limited situations, a counsel substitute. *See Wolff v. McDonnell*, 418 U.S. 539, 564-70 (1974).

Therefore, if Plaintiff chooses to pursue his due process claim in his amended complaint, he must explain how administrative segregation created an atypical and significant hardship on him in relation to the ordinary incidents of prison life, and what process he was denied. Placement in disciplinary segregation does not, in and of itself, amount to an atypical and significant hardship. *See Portley-El v. Brill,* 288 F.3d 1063, 1065 (8th Cir. 2002) (recognizing that the Eighth Circuit has consistently held that disciplinary segregation is not an atypical and significant hardship under *Sandin).* Failure to sufficiently allege facts in support of his claim will result in dismissal for failure to state a claim.

## III.    Claim Regarding Strip Search

Plaintiff also claims that defendants Herron and Wiggins violated his rights when they conducted a strip-search of him while he was handcuffed. ECF No. 1 at 3. Plaintiff does not provide any details on the search, except to say that it made him "uncomfortable." *Id.*

To the extent Plaintiff is attempting to bring a PREA claim against Herron and Wiggins, this claim fails. PREA "does not create a right of action that is privately enforceable by an individual civil litigant." *LeMasters v. Fabian*, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009); *see also Chinnici v. Edwards*, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008) ("PREA confers no private right of action . . . The statute does not grant prisoners any specific rights … such as a right to sue"). Therefore, any PREA claim brought by Plaintiff in his amended complaint will be dismissed as legally frivolous.

Moreover, it is unclear from the complaint whether Plaintiff is attempting to also bring other claims against Herron and Wiggins in relation to the strip search, such as an Eighth Amendment claim for assault or a Fourth Amendment claim for unreasonable search. The Eighth Amendment does protect those who are incarcerated from physical or sexual assault at the hands of correctional officers. *See Kahle v. Leonard*, 477 F.3d 544, 553 (8th Cir. 2007) (stating that prisoners have a clearly established right under the Eighth Amendment to be free from sexual abuse).

If Plaintiff seeks to pursue an Eighth Amendment assault claim, under 42 U.S.C. § 1983, he must allege "threatened or actual injury." *Berry v. Oswalt*, 143 F.3d 1127, 1133 (8th Cir. 1998). However, "the Eighth Amendment analysis does not require significant injury." *Id.* (allegations of "nonroutine patdowns" and verbal harassment which caused "fear and frustration" was sufficient evidence for jury to find injury). But, the United States Court of Appeals for the Eighth Circuit has determined that "sexual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain." *Howard v. Everett*, 208 F.3d 218, at *1 (8th Cir. 2000) (unpublished opinion).

In addition, the Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures. U.S. Const. amend. IV. However, "[l]awful incarceration

brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Goff v. Nix*, 803 F.2d 358, 362 (8th Cir. 1986) (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). As such, "a prison inmate has a far lower .expectation of privacy than do most other individuals in our society." *Id.* at 365. Nevertheless, "a convicted inmate has rights under the Fourth Amendment against unreasonable searches of his body." *Story v. Foote*, 782 F.3d 968, 971 (8th Cir. 2015).

Strip searches raise special Fourth Amendment considerations. *Robinson v. Hawkins*, 937 F.3d 1128, 1136 (8th Cir. 2019). Whether or not a search is reasonable under the Fourth Amendment requires a case-by-case "balancing of the need for the particular search against the invasion of personal rights that the search entails." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Factors to consider include: "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.* General guidelines from the Eighth Circuit include that: "strip searches should be conducted in an area as removed from public view as possible without compromising legitimate security concerns;" "strip searches should be conducted by officials of the same sex as the individual to be searched;" and "strip searches should be performed in a hygienic fashion and not in a degrading, humiliating or abusive fashion." *Richmond v. City of Brooklyn Center*, 490 F.3d 1002, 1008 (8th Cir. 2007).

Thus, if Plaintiff seeks to bring either an Eighth or Fourth Amendment claim regarding the strip search, he needs to provide factual details as to what exactly occurred during the search, where it occurred, who was present, any injury suffered, whether there was any physical contact or touching, and if so, by whom. It is not enough for Plaintiff to allege only that he was made "uncomfortable" by the search.

**IV.     Defendant Hancock: No Supervisor Liability under § 1983**

Plaintiff makes no specific allegations against MECC Warden Hancock in his complaint. Presumably, he names Hancock because Hancock signed his grievance denials. However, this alone is not enough to state a claim against Hancock. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). "[A] warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Reynolds v. Dormire,* 636 F.3d 976, 981 (8th Cir. 2011) (quoting *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987) (per curiam)). In addition, denying a grievance is not enough for personal involvement either. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. ... Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

If Plaintiff names Warden Hancock in his amended complaint, he must provide allegations as to how Hancock was personally involved in, or directly responsible for, a violation of his constitutional rights. It is not enough for Hancock just to have denied Plaintiff's grievances.

**V.     Defendant MECC: Not a Person under § 1983**

Plaintiff also names his place of incarceration, MECC, as a defendant in this matter. However, Plaintiff brings this action under 42 U.S.C. § 1983 which "provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). A State is not a 'person' under § 1983 against whom a claim for money damages can be asserted. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). MECC, as a Missouri

- 10 -

Department of Corrections facility, is an arm or division of the State of Missouri. An agency exercising state power is also not a "person" subject to a suit under § 1983. *E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power as an arm of the compacting state is not "person" subject to § 1983 suit). Thus, Plaintiff's § 1983 claims against MECC fail to state a claim on which relief may be granted.

## VI.   No Relief of Release

Finally, Plaintiff seeks money damages in this suit, but he also requests release on his "previous outdate." ECF No. 1 at 4. Release is not cognizable in a § 1983 action. If Plaintiff is seeking release from confinement, challenges to the fact or duration of confinement are properly sought under a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Damages are an acceptable form of relief in a § 1983 action.

**Instructions for Filing an Amended Complaint**

Plaintiff is advised that the filing of an amended complaint **completely replaces** the original complaint and all supplements, and so it must include all claims Plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"); *see also Yaritz v. Dep't of Corrs.*, No. 23-2457, 2024 WL 3218545, at *1 (8th Cir. June 28, 2024) (per curiam) (affirming district court's dismissal of a pro se § 1983 complaint, finding no error in construing the "second amended complaint as the sole operative pleading"). Any claims from the original complaint or any supplements that are not included in the amended complaint will be deemed abandoned and will not be considered. Plaintiff must **type or neatly print** the amended complaint on the Court-provided Prisoner Civil Rights

Complaint form, and the amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and the facts supporting his claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, Plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, Plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth the specific facts supporting his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. If Plaintiff is suing more than one defendant, he should proceed in the same manner with each one. **Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.** *See* Fed. R. Civ. P. 20(a)(2). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of

Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). It is not enough for Plaintiff to refer to a group of defendants and make general allegations against them. Instead, Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If Plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 4] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $38.75 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

- 13 -

**IT IS FURTHER ORDERED** that the Clerk of Court shall add defendant "Unknown Culbreath" to the docket sheet list of defendants in this matter.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FINALLY ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. §1915.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 10th day of September, 2024.

_John A. Ross_

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE